IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Glenda McDaniels,<br><br>Plaintiff,<br><br>v.<br><br>USAA Casualty Insurance Company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-13990-SAC-KDW<br><br>**OPINION AND ORDER** |

This matter is before the Court on a Motion for Judgment on the Pleadings filed by Defendant USAA Casualty Insurance Company ("USAA"), ECF No. 10, a Motion to Remand filed by Plaintiff Glenda McDaniels ("McDaniels"), ECF No. 16, a Report and Recommendation ("Report") of the Magistrate Judge, ECF No. 28, and a Motion to Amend the Complaint filed by McDaniels, ECF No. 30. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings. For the reasons discussed below, the Court ACCEPTS the Report of the Magistrate Judge and DENIES the Motion for Judgment on the Pleadings, Motion to Remand, and Motion to Amend the Complaint.

## BACKGROUND

McDaniels, proceeding *pro se*, asserts claims against USAA for breach of contract and bad faith refusal to pay insurance benefits arising from an automobile incident which occurred on November 23, 2022. ECF No. 1-1. In her original Complaint filed in the Darlington County Court of Common Pleas, McDaniels asserted claims only against USAA for its alleged failure to provide Underinsured Motorist Bodily Injury coverage ("UIM"). *Id.* ¶¶ 28-42. USAA subsequently removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. ECF No. 1.

Shortly thereafter, USAA filed a Motion for Judgment on the Pleadings, raising two grounds for Rule 12(c) dismissal: (1) McDaniels executed a release with USAA that it argues bars her claims and (2) McDaniels failed to commence and serve an action establishing underlying liability, a prerequisite to pursuing UIM benefits in South Carolina. ECF No. 10. McDaniels then filed a Motion to Remand, arguing this matter was improperly removed because the Complaint alleges only state-law causes of action. ECF No. 16.

On July 28, 2026, the Magistrate Judge issued a Report recommending both motions be denied. ECF No. 28. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. ECF No. 28-1. USAA did not file objections. McDaniels mailed in a document titled "Plaintiff's Motion to Amend Complaint and Reply In Support of Motion to Remand," which the clerk docketed as both objections to the Report and a Motion to Amend the Complaint. ECF Nos. 30; 32. USAA filed a response in opposition to the Motion to Amend and McDaniels filed a reply. ECF Nos. 33; 36. These motions are accordingly ripe for review.

## STANDARD OF REVIEW

### I. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the

Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation modified)). Failure to timely file specific written objections to the Report will result in a waiver of the right to appeal from an Order from the Court based upon the Report. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).

**II. Motion to Amend the Complaint**

A party may amend its pleading once before trial as a matter of course, under certain circumstances, Fed. R. Civ. P. 15(a)(1), and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). Although the text of Rule 15(a)(2) requires that the Court "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "a district court may deny leave to amend if the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," *United States ex rel. Nathan v. Takeda Parm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (citation modified). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Kramer v. Omnicare ESC, LLC*, 307 F.R.D. 459, 464 (D.S.C. 2015) (internal quotation marks omitted). "Therefore, the futility analysis under Rule 15(a) necessarily requires a preliminary assessment of the allegations of the proposed amendment in light of the substantive law on which the additional claims are based." *Id.*

## ANALYSIS

### I. The Report and Recommendation

In the Report, the Magistrate Judge recommends this Court deny USAA's Motion for Judgment on the Pleadings to allow the parties the opportunity for discovery and deny McDaniels's Motion to Remand because the Court has diversity jurisdiction under 28 U.S.C. § 1332. The Court will address each motion *seriatim*.

#### A. USAA's Motion for Judgment on the Pleadings

First, the Magistrate Judge recommends denying USAA's Motion for Judgment on the Pleadings because, considering McDaniels's *pro se* status, certain materials she provided in response to the Motion may be material to her claims; specifically, her argument that the release upon which USAA relies was obtained based on a misrepresentation of available limits. ECF No. 28 at 6-8. The Magistrate Judge found that judicial economy would be best served by allowing the parties the opportunity for discovery rather than converting the existing motion to one for summary judgment. *Id.* USAA has not filed objections to this recommendation and the time to do so has lapsed. Therefore, having reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error, the Court agrees with the recommendation of the Magistrate Judge and incorporates it by reference to the extent the Magistrate Judge recommends denying USAA's Motion for Judgment on the Pleadings.

#### B. McDaniels's Motion to Remand

Second, McDaniels seeks to remand the action because the Complaint "alleges only state-law causes of action and does not assert any claim arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331." ECF No. 16 at 2. However, USAA removed the action under 28 U.S.C. § 1332, asserting the Court has diversity jurisdiction, which

McDaniels does not appear to dispute. ECF No. 1; *see generally* ECF No. 16. The Magistrate Judge accordingly recommends denying the Motion to Remand. ECF No. 28 at 1-3.

Following this recommendation, McDaniels mailed in a document entitled "Plaintiff's Motion to Amend Complaint and Reply in Support of Motion to Remand" which was liberally construed as objections to the Report *and* a Motion to Amend the Complaint. *See* ECF Nos. 30; 32. In this document, McDaniels does not address the Report's findings except to the extent that she wishes to amend her Complaint to name the at-fault driver as a defendant, thereby defeating diversity jurisdiction.[1] *Id.* The Court therefore overrules Plaintiff's objections as failing to address the Report's findings and recommendations and turns to the substance of McDaniels's request to amend the Complaint to add the at-fault driver.

**II. McDaniels's Motion to Amend the Complaint**

In her Motion to Amend the Complaint, McDaniels argues that her failure to name the at-fault driver (her husband) in the original Complaint was a "procedural pleading error," and that she now "seeks to correct that error so that the underlying liability claim and the related UIM dispute can be adjudicated together in the South Carolina court." ECF No. 30 at 1. In response, USAA asserts this amendment would be futile for two reasons: (1) the amendment would be improper joinder under Rule 20 and (2) claims against the at-fault driver are barred by the statute of limitations. ECF No. 33.

---

[1] McDaniels's filing briefly mentions that "the Report and Recommendation itself recognizes that an amended complaint may be appropriate." ECF No. 30 at 6. However, this footnote in the Report referred to the Motion for Judgment on the Pleadings at issue, noting that McDaniels may be able to amend her Complaint to more fully include legal grounds supporting her argument that the release on which USAA relies was obtained based on a misrepresentation of available limits. ECF No. 28 at 8 n.1. McDaniels does not seek this relief in her Motion to Amend the Complaint. *See generally* ECF No. 30.

**A. McDaniels's Claims Against the At-Fault Driver Cannot be Joined with Her Claims Against USAA, the Insurer.**

First, under Rule 20(a)(2) of the Federal Rules of Civil Procedure, claims against an at-fault driver may not be joined with bad faith claims against an insurer. Judges in this District have repeatedly held that attempts to name the at-fault motorist and the insurer as co-defendants in the same suit constitute improper misjoinder under Rules 20 and 21. *See, e.g.*, *Cramer v. Walley*, No. 5:21-cv-03857-JMC, 2015 WL 3968155, at *4 (D.S.C. June 30, 2015) ("The weight of authority holds that claims for negligent operation of an automobile do not arise from the same transaction or occurrence as a subsequent claim against an insurer . . . involving coverage questions, and therefore cannot be joined under Fed. R. Civ. P. 20"); *Rodriguez v. Cruz*, No. 3:05-1193, 2005 WL 8163227, at *2 (D.S.C. Sep. 1, 2005) (holding motor vehicle accident claims and insurance claims "do not arise out of the same transaction or occurrence and will involve separate and distinct evidence"); *Vereen v. DaShields*, No. 4:23-cv-6835-SAL, 2024 WL 3656492, at *1-2 (D.S.C. May 16, 2024) (same).

Here, as USAA notes, the only possible cause of action McDaniels could assert against the driver is for negligence in causing the "underlying accident and damages." *See* ECF No. 33 at 4; *see also* ECF No. 30 at 2 (seeking leave to amend the Complaint "to identify and name the South Carolina driver whose conduct gave rise to the underlying accident and damages."). It is clear under applicable case law that a claim for negligence against the at-fault driver cannot be joined with McDaniels's existing claims for breach of contract and bad faith against USAA, and her amendment would therefore be futile.

**B. McDaniels's Claims Against the At-Fault Driver are Barred by the Statute of Limitations.**

Second, even if the claims could be joined, USAA argues McDaniels's claims against the at-fault driver would be untimely. ECF No. 33 at 4-6. Under South Carolina law, the statute of

limitations for personal injury actions is three years. S.C. Code Ann. §§ 15-3-530, 15-3-535. The alleged motor vehicle accident occurred on November 23, 2022, over three years before McDaniels filed her Motion to Amend the Complaint on August 11, 2026. As such, McDaniels's claim against the at-fault driver falls outside the permissible time period to bring the claim.

McDaniels argues, liberally construed, that her claim is not time-barred because the amendment relates back to the original Complaint under Rule 15(c) of the Federal Rules of Civil Procedure. ECF No. 36 at 3-4. However, she has not demonstrated the law "provid[ing] the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). And, for the same reasons discussed above, McDaniels cannot otherwise satisfy Rule 15(c)(1)'s requirements, as her proposed negligence claim against the at-fault driver does not arise out of the same "conduct, transaction, or occurrence" as her bad faith refusal to pay benefits claim alleged against USAA in the Complaint. *See* Fed. R. Civ. P. 15(c)(1)(B)-(C).

For these reasons, the Court denies McDaniels's Motion to Amend the Complaint as futile under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *Kramer*, 307 F.R.D. at 464 ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." (citation modified)).

## CONCLUSION

For the reasons discussed above, the Court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and **DENIES** USAA's Motion for Judgment on the Pleadings [ECF No. 10], McDaniels's Motion to Remand [ECF No. 16], and McDaniels's Motion to Amend the Complaint [ECF No. 30].

**IT IS SO ORDERED**.

United States District Judge

October 26, 2026
Florence, South Carolina